**Louis MARKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42831.**

Court of Criminal Appeals of Texas.

May 20, 1970.

Ralph J. Bernsen, Sr., La Marque, for appellant.

Jules Damiani, Dist. Atty., Gussell G. Burwell, Asst. Dist. Atty., Galveston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for theft of property over the value of fifty dollars. The punishment, seven years.

The indictment charged ordinary theft of $85.00 from Myrle Winkler. The proof shows that Myrle Winkler was a teller at a drive-in window of the University National Bank in Galveston and that appellant obtained $85.00 by the means of a forged check. The check was payable to Louis Marks and was purportedly signed by H. K. Dixon. Myrle Winkler testified that she handed appellant, along with the other money, some twenty $1.00 bills. She had previously cashed two other almost identical checks in the amount of $85.00 for appellant and each time he had asked for and received some twenty $1.00 bills in the exchange. She testified that she would not have parted with the money except for the check.

H. K. Dixon testified that his wife was a patient in St. Mary's Hospital (where the appellant was employed) in Galveston. He identified the three checks that had been introduced as his personalized checks that he had left in blank with his wife at the hospital; that the signatures on the checks were neither his nor those of his

wife and that no one else had permission to fill in the checks and sign them.

Appellant contends that the evidence is insufficient to identify him, because Myrle Winkler did not see him in a regular line-up. The record shows that she saw appellant when he cashed the checks on three separate occasions. Each time he presented an identification card issued by the University of Texas Medical Branch (where he had previously worked) with his name on it. She wrote the number of the card on the check. She described him to the officer. She saw him when the officer brought him by the bank and identified him then. He was brought to the bank a second time, with his consent, with another man at the request of the administrator of St. Mary's Hospital who had asked if a mistake had been made and who evidently did not believe that appellant cashed the checks. Again the teller identified him. No objection was made to any of the testimony about the identification and such testimony was positive and sufficient.

Appellant next contends that the trial court erred in permitting the State to introduce at the penalty stage of the trial evidence of a prior misdemeanor conviction for theft when he had not been represented by counsel.

At the first or guilt stage of the trial, appellant had testified that he had been convicted for forgery in Orange County and went to the penitentiary for three years, and he further testified that he had gone to the penitentiary from Galveston County and had been released in 1964.

At the penalty stage of the trial it was shown that appellant had been convicted for forgery in three cases in Orange County and in two cases in Galveston County.

No objection was made when it was proved that appellant had been convicted for the misdemeanor offense of theft and was assessed punishment at one year in jail. The matter was raised for the first time in the appellate brief.

Assuming that error is shown, five prior felony convictions were proved, two or three by appellant on direct examination. In addition to the check relied upon as a basis for this prosecution, two other offenses of passing forged instruments were proved. Under the state of the record any error in the admission of the proof of the misdemeanor offense would be harmless under Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284. See Simmons v. State, Tex.Cr.App., 456 S.W. 2d 66.

There being no reversible error, the judgment is affirmed.