**William T. BROOKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50326.**

Court of Criminal Appeals of Texas.

Nov. 19, 1975.

---

**536**

John F. Lubben, III, Dallas, for appellant.

Henry Wade, Dist. Atty., Gary Love, Les Eubanks and Phil Adams, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

Appellant was tried on April 23, 1974 before a jury for the offense of possession of a controlled substance, to-wit, heroin. On April 24, 1974 the jury returned and announced that they could not agree on a verdict and a mistrial was declared. On September 12, 1974 the appellant was again tried before a jury. The jury found the appellant guilty of possession of a controlled substance. The court assessed punishment at 15 years.

Appellant's first ground of error is that the evidence is insufficient to support the jury's verdict.

The record reflects that on the morning of January 21, 1974 Sergeant B. F. Fowler of the Dallas Police Department, accompanied by two other officers, executed a search warrant by forcing the door of the apartment of Carolyn Williams. Sergeant Fowler testified that upon reaching the bedroom of the apartment another officer turned on the lights and he saw the appellant sitting on the edge of the bed, nude. Carolyn Williams was lying on the bed, also nude. After ordering the appellant to stand, Fowler stated that he saw a small foil package on the mattress on or very near the place where the appellant had been sitting when the officers entered the room.

Further search of the apartment revealed a sack, which was found hidden in the suspended ceiling in the hallway of the apartment. The sack was found to contain marihuana, syringes and burnt spoons.

Joseph M. Canibano of the Dallas Police Department testified that he accompanied Sergeant Fowler to Carolyn Williams' apartment on the date in question. He testified that the appellant was sitting on the edge of the bed as the lights were turned on and that after the appellant was ordered to stand a foil wrapped package was found on the bed the appellant had just vacated. Officer Canibano also stated that Carolyn Williams had needle marks on her arms which indicated to him that she was using heroin.

Officer T. N. Holmes of the Dallas Police Department testified to substantially the same facts as had the other two officers. He stated that as he turned on the lights he saw the appellant "rising from a lying position his feet not on the floor."

Carolyn Williams, who was tried with the appellant, testified in her own defense that when she was awakened by the police officers the appellant was standing near the bed on the opposite side from her. She stated that the foil packet was found under the mattress not on top of it as the officers testified. She further denied knowledge of the packet or its contents. Later Williams stated that the foil package and the sack both belonged to the appellant. On cross-examination by the prosecutor she stated that she was a heroin addict and that the appellant supplied her with heroin.

The record reflects that the appellant supplied the money for the apartment where Carolyn Williams lived and that the appellant visited the apartment daily. Evidence was also introduced that the foil packet did, in fact, contain heroin.

 Possession of a controlled substance need not be exclusive and evidence which shows that the accused jointly possessed the controlled substance with another is sufficient. *Williams v. State*, 524 S.W.2d 705 (Tex.Cr.App.1975); *Curtis v. State*, 519 S.W.2d 883 (Tex.Cr.App.1975). Mere presence at a place where narcotics or dangerous drugs are possessed does not in itself justify a finding of joint possession. *Curtis v. State*, supra; *Valdez v. State*, 481 S.W.2d 904 (Tex.Cr.App.1972). The evidence must affirmatively link the accused to the contraband in such a manner that a reasonable inference arises that the appellant knew of its existence. *Hineline v. State*, 502 S.W.2d 703 (Tex.Cr.App.1973); *Williams v. State*, supra.

The trial court instructed the jury on the law of possession, principals, joint possession and accomplice testimony. The appellant argues that Carolyn Williams' testimony was not sufficiently corroborated to allow the conviction to stand.

We need not reach the question raised by the appellant in his first ground of error. The arresting officers testified that they found the appellant in bed with the heroin. The apartment manager testified that the

appellant had given Carolyn Williams the money to pay the rent on the apartment on at least one occasion in the manager's presence. At the time the apartment was rented to Williams the appellant introduced Williams as his wife to the manager of the apartment. The manager stated that he observed Williams and the appellant moving into the apartment, and he saw the appellant carrying things from a car to the apartment. He further testified that he saw the appellant leaving the apartment on several occasions early in the morning. The manager further testified that after the arrest he saw the appellant removing men's clothing from the apartment in question.

 The evidence presented by the State is sufficient to show joint possession of the heroin without regard to the testimony of Carolyn Williams.

Appellant's first ground of error is overruled.

 The appellant's second ground of error is that the trial court erred in refusing to submit the appellant's requested charge on circumstantial evidence.

The record reflects that Carolyn Williams testified on direct examination that the heroin belonged to the appellant. This was direct evidence of the appellant's possession of the heroin. The weight to be given to this testimony was for the jury. The trial court correctly refused the requested charge on circumstantial evidence. Appellant's second ground of error is overruled.

 Appellant has also filed a pro se supplemental brief in which he contends that the trial court erred in sustaining his conviction because the "information was based on an invalid complaint." The record reflects that the appellant was indicted by the Dallas County grand jury during the January 1974 term. The indictment is regular in form and properly charges the offense in question. Nothing is presented for review.

The judgment of the trial court is affirmed.

Opinion approved by the Court.

DOUGLAS, J., not participating.