Roger D. BUCKLIN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 09–81–061 CR.

Court of Appeals of Texas, Beaumont.

May 12, 1982.

OPINION

DIES, Chief Justice.

Appellant was convicted of possession of methamphetamine by a jury which assessed his punishment at three years confinement in The Texas Department of Corrections and a $5,000 fine, which brings this appeal. Appellant's first ground of error challenges the sufficiency of the evidence to support the conviction.

Sergeant Don Pollock of the Montgomery County Sheriff's Department, Narcotics Division, after obtaining confidential information, did surveillance of a location and noted narcotics offenders coming from this location. He then obtained a search warrant and, with three other officers, went to a trailer park to a residence he believed to be that of the appellant. He and two others went to the front door, and one of the officers went to the rear. They knocked on the door, and a female, later identified as Debra Rockey, said "just a minute" and started running "[t]oward the back part...." They then forced entry, stopped Debra in the hallway, as appellant "was exiting the master bedroom." They took the two to the kitchen area and then began searching the rooms. From one bedroom which appeared unused, they found marijuana and mannitol. Then there was a knock on the front door, and the officer was confronted with a man pointing a shotgun at him. He was disarmed and brought into the kitchen.

The search went on. In the master bedroom on the bed, they (the officers) saw a pair of blue jeans. In the left front pocket was $1,415 in cash. In the right front pocket was methamphetamine and a driver's license of appellant. Also found in the room was a loaded .357 magnum and numerous loaded rifles and shotguns, hypodermics, a system for screening "narcotic materials" and "cut materials." The court then sustained an objection concerning the .357 and instructed the jury to disregard it. Also a "box" was recovered in the master bedroom which "had his [appellant's] signature on it, the date he received it from the Continental Airlines...." Also

Frank Robin, Jr., Woodlands, for appellant.

James H. Keeshan, Dist. Atty., Conroe, for appellee.

"scales" were found in this area. In the kitchen refrigerator more methamphetamine was found. A "spoon," a "pipe" and other hypodermic syringes were also found.

Prior to taking appellant in, appellant requested permission to "get some clothes on." He then put on the blue jeans from which the money and methamphetamine had been found. The officer testified: "There [were] some bills and other items that were addressed to him [appellant], that were in the residence" and "a Southwestern Bell telephone bill in his name." On cross examination, appellant's attorney asked the officer why he had not seized the driver's license of appellant. The officer's answer was: "No more so than any other items out of the house that had his name on it." Another officer reflected appellant ". . . came back to the back bedroom, went to the restroom that was located in the master bedroom area and took his contacts out and put them in a little contact holder there in the bathroom."

The test of the sufficiency of the evidence in this type of case is set out in *Dubry v. State*, 582 S.W.2d 841 (Tex.Cr. App.1979):

> "Whether the theory of prosecution is sole or joint possession, the evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and that he exercised control over it. . . . This affirmative link is established by showing additional facts and circumstances which indicate the accused's knowledge and control of the contraband."

 The State based its case on circumstantial evidence which means this case must be tested by its own facts to ascertain whether the evidence is sufficient to sustain the conviction. *Indo v. State*, 502 S.W.2d 166 (Tex.Cr.App.1973); *Denney v. State*, 558 S.W.2d 467 (Tex.Cr.App.1977). Further, the facts must be viewed in the light most favorable to the State. *Indo v. State*, supra at 168. Appellant's mere presence at a place where narcotics are found is not sufficient to convict him of possession. See *Brooks v. State*, 529 S.W.2d 535 (Tex.Cr. App.1975); *Woods v. State*, 533 S.W.2d 16 (Tex.Cr.App.1976); *Hernandez v. State*, 517 S.W.2d 782 (Tex.Cr.App.1975). The evidence must affirmatively link the accused to the possession of the narcotic; and this burden is on the State. See *Harvey v. State*, 487 S.W.2d 75 (Tex.Cr.App.1972); *Haynes v. State*, 475 S.W.2d 739 (Tex.Cr. App.1971); *Hausman v. State*, 480 S.W.2d 721 (Tex.Cr.App.1972); *Payne v. State*, 480 S.W.2d 732 (Tex.Cr.App.1972).

The following cases are forcefully argued by appellant and require some discussion. *Ayres v. State*, 570 S.W.2d 926 (Tex.Cr.App. 1978); *Hernandez v. State*, 517 S.W.2d 782 (Tex.Cr.App.1975); *Reid v. State*, 474 S.W.2d 702 (Tex.Cr.App.1972); *Williams v. State*, 498 S.W.2d 340 (Tex.Cr.App.1973).

In *Ayres v. State*, supra, the Austin police entered a house where they found two people in the living room, appellant in the bathroom holding a gun, and another in a closet in which two bags of marijuana were found. In holding this evidence alone to be insufficient to convict appellant of possession, the court said (at 928):

> "[T]here must be additional independent facts and circumstances which affirmatively link the accused to the contraband in such a manner that it can be concluded he had knowledge of the contraband as well as control over it."

In *Hernandez v. State*, supra, the officers found appellant asleep on a mattress on the floor. His cousin, who rented the apartment [in the case at bar the ownership of the trailer was not permitted in evidence] was asleep on the bed. Syringes, needles, and other paraphernalia were found on the dresser, under the mattress of appellant and in the kitchen cabinet. The syringes and other objects had traces of heroin therein. The court held that appellant's mere presence near where the prohibited items are found is insufficient.

In *Reid v. State*, supra, the police entered the apartment, found four people, including the tenant, but appellant was not present. A bedroom search gave up marijuana and

other paraphernalia. On a shelf in the closet, the officers found a cigar box containing marijuana and a driver's license of appellant. The court found this evidence insufficient to convict appellant of possession.

In *Williams v. State*, supra, the officers, upon entering the trailer, found three people in the living room and appellant in the kitchen, and the officers observed "needle marks" of an undetermined age on his left arm. A search of the trailer gave up contraband. The court held this to be insufficient to convict appellant of possession.

■ In the case at bar, we have some more circumstances from which the jury could convict appellant than we find in each of these cases above discussed. Appellant voluntarily donned the blue jeans from which the contraband was taken. These pants also contained his driver's license. In the same room the airline "box" having his name on it was recovered. Bills and other items addressed to appellant were found in the residence.

In *Mendoza v. State*, 583 S.W.2d 396, 397 (Tex.Cr.App.1979), the court said:

The evidence shows that appellant had lived in the house from October until February, the time of the arrest; that his wife and children lived with him. There is no one else shown to be in the house except his wife and children. The heroin was found in the closet, along with his clothes. All the circumstances, such as the finding of the tin foil, the plastic bags, the lactose near where appellant kept his clothes, were sufficient to show that he possessed heroin. It would have to be an unbelievable hypothesis that he did not possess it."

In *Frazier v. State*, 480 S.W.2d 375, 381 (Tex.Cr.App.1972), the court held that where contraband is found on clothing being worn by the accused, a question of fact as to whether the accused knowingly possessed such contraband is presented for jury determination (citing authorities).

In *Haynes v. State*, 475 S.W.2d 739, 742 (Tex.Cr.App.1972), an envelope addressed to appellant was found in a carton which contained marijuana which the court found sufficient. We have concluded the evidence in the case at bar is sufficient to sustain the conviction of possession and thus overrule appellant's first ground of error.

■ Appellant's second ground of error follows:

"The court erred in overruling Appellant's Motion for Mistrial after the State's witness . . . testified concerning statements made by Appellant, in response to questions of the arresting officers, while he was under custodial arrest. . . ."

Prior to trial, appellant filed a motion to suppress "any and all evidence regarding statements made by [appellant] to law enforcement officer, after the time of his arrest. . . ." The motion was granted.

The State propounded the following question to Sgt. Bollock:

"Q. Was there anything else that you observed in the residence that indicated that he resided there?"

The officer replied:

"A. There were some prescription bottles that had his name on it, a few other odds and ends that he maintained was his, like the stereo equipment that we. . . ."

Appellant objected, and the court sustained the objection but denied a motion for mistrial.

It is only the second part of the officer's answer that conceivably could be a statement by appellant [". . . he maintained was his . . ."]. The sustaining of the objection, we believe, cured any possible harm. No request was made for the court to charge the jury to disregard the testimony. See *Diamond v. State*, 355 S.W.2d 522 (Tex.Cr.App.1962); *Hughes v. State*, 433 S.W.2d 698 (Tex.Cr.App.1968); *Perdue v. State*, 350 S.W.2d 203 (Tex.Cr.App.1961); *Marks v. State*, 454 S.W.2d 749 (Tex.Cr.App.1970); *Salazar v. State*, 432 S.W.2d 957 (Tex.Cr.App.1968); 5 Tex.Jur.2d *Appeal and Error—Criminal* § 420 at 638 (1959). This ground of error is overruled.

**48**

■ Appellant's fourth ground of error objects to certain argument of the prosecuting attorney. The latter during his argument said:

"I ask you to take and consider that—consider what effect your verdict will have in this community, that if you say that this defendant is not guilty, then you['re] condoning the actions that you have heard evidence on."

A plea for law enforcement is proper. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr. App.1973); *Phillips v. State*, 511 S.W.2d 22 (Tex.Cr.App.1974). This ground of error is overruled.

■ Appellant's last ground of error complains of evidence adduced by the State at the punishment phase of the trial of prior arrests of appellant. Appellant cites us *Ramey v. State*, 575 S.W.2d 535 (Tex.Cr. App.1978); *Angelle v. State*, 571 S.W.2d 301 (Tex.Cr.App.1978), and *Mullins v. State*, 492 S.W.2d 277 (Tex.Cr.App.1973). These cases support the general rule that arrests which have not resulted in convictions are not admissible. However, in the case at bar, when appellant was asked by the State if there was any reason why he should be given probation, he answered, in part: "I have never been in any other trouble." This statement made evidence of these arrests admissible. See *Nelson v. State*, 503 S.W.2d 543 (Tex.Cr.App.1974); *Ochoa v. State*, 481 S.W.2d 847 (Tex.Cr.App.1972); *Alexander v. State*, 476 S.W.2d 10 (Tex.Cr. App.1972); *Thomas v. State*, 530 S.W.2d 834 (Tex.Cr.App.1975). This ground of error is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.