**Alfonso Castro GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00277–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 20, 1985.

Albert A. Pena, III, Corpus Christi, for appellant.

Paul Finley, Asst. Dist. Atty., Seguin, for appellee.

Before ESQUIVEL, BUTTS and REEVES, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction for the offense of possession of marihuana over 4 ounces, a felony. *See* TEX.REV. CIV.STAT.ANN. art. 4476–15, § 4.051(a), (b)(3) (Vernon Supp.1985). Appellant presents two grounds of error. We affirm.

In ground of error number one, the appellant alleges the trial court erred in admitting, over appellant's timely objection, results of an illegal search of the appellant's premises without a search warrant. In support of this contention, the appellant relates that on June 5, 1983, law enforcement officers received information from a confidential informant that several persons, not including the appellant, were seen at the San Antonio Marriott North and were conducting a narcotics transaction. Surveillance was established at the motel, was later discontinued that evening, and was re-established the following morning. The informant provided further information that indicated that the persons in question would be driving to Seguin, Texas to pick up a load of marihuana. Later in the afternoon, one of the suspects drove a U-Haul truck to Seguin, Texas and thereafter the truck was seen at the residence of the appellant.

The truck left the premises and traveled several miles to a Kentucky Fried Chicken restaurant in Seguin, Texas where drivers were switched. The truck was then followed and at approximately 3:35 P.M. was stopped on Interstate Highway 10. In a search by consent law enforcement officers found approximately 1,181 and ½ pounds of marihuana in the cargo area of the U-Haul truck. Shortly thereafter, at about 4:00 P.M., three men (including appellant) left appellant's residence in a pick-up truck which was stopped approximately three-quarters of a mile from the residence and the occupants were asked to identify themselves. While being questioned, the officers detected a strong odor of marihuana about their persons.

At approximately 5:00 P.M., appellant and his two companions were returned to appellant's residence and detained. Officers proceeded to go through the house to determine whether other persons were present at the home. In the spare bedroom, officers observed a clear plastic wrapped package of marihuana on a set of scales. Thirty-one sacks of marihuana and one green canvas duffle bag containing marihuana were found in a metal storage building located in back of the residence a short distance from it. Officers used the telephone in the house to communicate information to other officers who were at that time trying to obtain a search warrant. Information obtained from the residence was not incorporated in the affidavit for the search warrant despite the stipulation to the contrary. It was not until 8:05 P.M., or approximately 3 hours after the initial entry into the premises, when a search warrant issued and a more intensive search of the premises began.

The State agreed and stipulated that at no time did appellant or anyone with authority to do so consent to the search of the premises, his person or the premises in and around the residence. Appellant argues that no waiver of constitutional immunity could be inferred from any of his acts.

The appellant argues that the emergency doctrine, an exception to the constitutional prohibition of searches by police without a warrant, articulated in *McDonald v. United States*, 335 U.S. 451, 454, 69 S.Ct. 191, 193, 93 L.Ed. 153, 158 (1948), was not met in this case. The appellant argues that the burden is on the State to show that exigent

circumstances existed justifying a warrantless entry. *See Bray v. State*, 597 S.W.2d 763, 765 (Tex.Crim.App.1980). Appellant points out that the record is wholly silent as to the existence of an emergency. The appellant argues the only justification that can be extracted from the record would be that the law enforcement officers wanted to obtain more information for the purposes of securing a search warrant.

■ The State argues, and we agree, that the affidavit in support of the search warrant contains no reference to any officer being in the house of the appellant and observing marihuana. Therefore, there is nothing in the record to show that tainted evidence was used in obtaining the search warrant. In fact, the officer testified on direct examination that it was not until the magistrate signed the search warrant that units were called out to the appellant's residence and they started searching the house at that time. The result of the search included some thirty-six bags of marihuana totalling some 370 pounds. We note that the appellant did not cross-examine the officer testifying. We hold that the trial court did not abuse its discretion in overruling appellant's motion to suppress the evidence as from the record it appears the evidence was not seized until after the search warrant had been issued. Appellant's ground of error number one is overruled.

■ In ground of error number two, the appellant argues the trial court erred in failing to quash the indictment because the indictment fails to serve as an adequate bar to future prosecutions as it relates to the facts of this case. In support of his contention, the appellant states that two functions of an indictment are (1) to give the trial court jurisdiction over the case and (2) to provide notice to the accused of the offense charged. *Benson v. State*, 661 S.W.2d 708, 713 (Tex.Crim.App.1982). Appellant argues that it is not only possible but conceivable for several different "possession" offenses to be encompassed by the indictment in this case. Without passing on the merits of the appellant's complaint,

we hold that the indictment adequately supports a conviction for possession of marihuana. The defendant was charged with the intentional and knowing possession of marihuana of an amount in excess of the minimum required to support a felony conviction. If, in fact, the appellant has any remedy for any further prosecution, then he could raise his conviction as any plea in bar by reason of double jeopardy in any new proceeding instituted against him. The indictment conferred jurisdiction on the court and gave the appellant fair notice of that with which he was charged. Appellant's ground of error number two is overruled.

Accordingly, the judgment of conviction is affirmed.