**Eddie Roy MOSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–91–01320–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 18, 1993.

Rehearing Denied April 22, 1993.

John E. Wright, Huntsville, for appellant.

Kay Douglas, Huntsville, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

BOWERS, Justice.

Appellant entered a plea of not guilty before the jury to the offense of possession with intent to deliver a controlled substance, namely cocaine. TEX.HEALTH & SAFETY CODE ANN. § 481.112. He was convicted and the court assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.42(d), at life imprisonment. Appellant asserts 23 points of error. We affirm.

On the night of December 19, 1990, two officers of the East Texas Narcotics Task Force were investigating drug activities at the Cedarwood Apartments in Huntsville, Walker County, Texas. The officers provided Alfred Simmons, a private citizen, with money to buy drugs. The officers also wired Simmons with a transmitter so that any conversations Simmons engaged in could be monitored.

Simmons came into contact with appellant who offered to sell him cocaine. The transaction took place with Simmons briefly out of the officer's sight. After the transaction was completed, Simmons met with the officers and gave them the cocaine he had purchased from appellant.

The task force officers then contacted a uniformed police officer from the Huntsville Police Department. After getting a description of appellant, a police officer went to the location and found appellant. When the officer attempted to stop appellant, he ran into an apartment. The officer and other officers who had arrived on the scene obtained permission from the person in charge of the apartment to enter the apartment in pursuit of appellant. Once inside the apartment, the officers discovered appellant, who had removed all his clothing except his underwear. Appellant then escaped through a window. He was found hiding in an apartment in a different apartment complex:

After appellant was placed in custody, the officers returned to the first apartment to search for the clothes appellant had discarded. The officers found the clothes on the ground outside the apartment window. Upon retrieving the clothes the officers found plastic bags containing 75 rocks of crack cocaine in the pocket. At the jail, an officer handed appellant the clothes, which he took and put on without complaint.

In his first point of error, appellant argues the trial court erred by refusing to grant him relief on his *Batson* [1] motion.

Before the actual voir dire examination by the attorneys, the judge invited prospective jurors to approach the bench if they believed they had some reason that would hinder their service. At that time, prospective juror, Bobby McGowan approached the bench. McGowan told the judge that appellant is the husband, boyfriend or common law husband of McGowan's niece, Diane Mack. The judge questioned McGowan as to how often McGowan sees his niece and established that McGowan did not personally know appellant.

After voir dire, both attorneys made their strikes. The State struck McGowan. After the State had exercised its strikes, but before the jury was impanelled and sworn, appellant, a black man, filed and urged his *Batson* motion complaining that the State had struck a black juror without a racially neutral reason.

■ To establish a prima facie case of purposeful discrimination in selecting the jury, appellant must show that he is a member of a cognizable racial group and that the prosecutor has exercised peremptory challenges to remove venire members of appellant's race. *Batson*, 476 U.S. at 96, 106 S.Ct. at 1722.

■ Once appellant makes a prima facie showing of purposeful discrimination, the burden shifts to the State to come forward with neutral explanations for challenging black jurors. *Id.* at 97, 106 S.Ct. at 1723. The prosecutor must give "clear and reasonably specific" explanations of "legiti-

---

1. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

mate reasons" for striking a juror. *Whitsey v. State*, 796 S.W.2d 707 (Tex.Crim.App.1989) (citing *Batson*). The State gave the following reasons for striking McGowan:

1. Mr. McGowan came forward prior to voir dire to inform the court that he had somewhat of a relationship with [appellant].

2. The Chief Investigator (who is also black), informed the district attorney that several other of Mr. McGowan's kinfolks had been handled by the District Attorney's office at one time or another.

3. Both the District Attorney and the Chief Investigator informed the prosecutor that Mr. McGowan's niece, Diane Mack, had criminal charges currently pending against her.

4. Based upon the family relationships, the prosecutor believed that it was in the State's best interest to strike Mr. McGowan. The prosecutor's experience had been that people with close family relations often have difficulty in setting themselves aside and trying to be fair and impartial.[2]

This court must determine if these reasons are legitimate. Factors we must consider include:

1. Was the reason given for the peremptory challenge related to the facts of the case;

2. Was there a lack of questioning to the challenged juror or a lack of meaningful questions;

3. Were persons with the same or similar characteristics as the challenged juror struck;

4. Was the challenged juror questioned so as to evoke a certain response without asking the same question of other panel members; and

5. Was the State's explanation based on a group bias where the group trait is not shown to apply to the challenged juror specifically?

*Id.* at 713–714. None of these factors are present in the State's reasons for excluding McGowan. The State clearly produced race-neutral reasons for striking McGowan.

■ If the prosecutor sustains his burden of producing race-neutral explanations, the burden shifts back to appellant to rebut the prosecutor's explanations or to show that the explanations were merely a pretext. *Williams v. State*, 804 S.W.2d 95, 101 (Tex.Crim.App.1991), *cert. denied,* —— U.S. ——, 111 S.Ct. 2875, 115 L.Ed.2d 1038 (1991).

■ Appellant's counsel did not ask the prosecutor any questions. Appellant's only comment pertained to just one of the State's reasons for striking McGowan. Appellant's counsel told the trial court appellant was not related to McGowan and that the State failed to determine whether McGowan was "happy or unhappy with [appellant]." Although the State is allowed to challenge for cause any prospective juror because he is related within the third degree of consanguinity or affinity, the State did not challenge McGowan on this basis. TEX.CODE CRIM.PROC.ANN. art. 35.16(b)(2).

■ This court can reverse only if the trial court's findings of fact are "clearly erroneous" in light of the entire record. *Williams,* 804 S.W.2d at 101. Appellant has the burden to persuade the trial court by a preponderance of the evidence that the allegations of purposeful discrimination are true. *Tennard v. State,* 802 S.W.2d 678, 681 (Tex.Crim.App.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1077 (1991). Appellant failed to meet this burden. We overrule appellant's first point of error.

In his second and third points of error, appellant argues the trial court erred by overruling his motion to quash the indictment. Appellant contends the indictment failed to give adequate notice of the charge against him and failed to adequately specify the transaction complained of in such a manner that appellant would be protected

---

**2.** At the time of the *Batson* hearing, the State did not indicate that it expected to call McGowan's niece, Diane Mack, to testify. However, the record does show that the State indicated it might call Diane Mack in rebuttal to any witnesses called by the defense.

from a second prosecution based on the same facts.

In his sixteenth and seventeenth points of error, appellant complains the jury charge failed to identify the transaction in question with sufficient particularity. We will address these four points of error together.

■ Appellant is entitled to allegations of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he was charged. *Castillo v. State*, 689 S.W.2d 443 (Tex.Crim.App. 1984). Appellant contends that because he was not apprised sufficiently of the charge against him, he was not able to prepare a defense or evaluate an offered plea bargain.

■ When considering a motion to quash, the court must decide whether the face of the instrument sets forth in plain and intelligible language sufficient information to enable the accused to prepare his defense. *Jeffers v. State*, 646 S.W.2d 185, 187 (Tex.Crim.App.1981). The indictment charged that appellant:

> intentionally and knowingly possess with intent to deliver a controlled substance, to wit: cocaine, of an aggregate weight, including any adulterants or dilutants of less than twenty-eight grams.

The jury charge refers to the indictment and to the offense of "possession with intent to deliver a controlled substance, to-wit: cocaine." The charge defines "possession" as the "actual care, custody, control or management of the controlled substance." "Deliver" is defined as the "actual transfer from one person to another of cocaine."

Appellant argues that two transactions are involved and that the indictment and jury charge were not clear as to which one of the two transactions was the basis of the instant prosecution. The first transaction occurred between appellant and Simmons. The second transaction involved the cocaine found in appellant's clothes. Appellant argues that he has been "tried and found guilty in one instance, but remains eligible to be tried on the other. But which one?"

Appellant maintains that a reasonable juror could believe appellant sold Simmons cocaine and at the same time that same juror could have a reasonable doubt as to whether the cocaine found in the clothing belonged to appellant.

Appellant misconstrues the two transactions. His view is that there are two distinct offenses, *i.e.* selling the cocaine to Simmons and possession of cocaine. We regard the evidence as showing not two distinct possessions with intent to deliver, but one.

The offense committed was a continuous one and the evidence introduced is so related in point of time and place as to show one continuous possession by appellant. *Powell v. State*, 502 S.W.2d 705, 709 (Tex.Crim. App.1973). If, in fact, appellant has any remedy from further prosecution, he can raise his conviction as any plea in bar by reason of double jeopardy in any new proceeding instituted against him. *Gonzales v. State*, 700 S.W.2d 348 (Tex.App.—San Antonio 1985, no pet.).

The indictment and the jury charge adequately supports a conviction for possession with intent to deliver a controlled substance. We overrule appellant's points of error two, three, sixteen and seventeen.

In points of error four, five, six and seven, appellant asserts the trial court erred by defining "possession" as the "actual care, custody, control or management of the controlled substance" in the jury charge. In his argument, appellant defines each term of the definition and correctly asserts the proposition that a trial court commits error when it charges a jury on a theory of conviction not supported by the evidence.

Appellant argues that finding drugs in the clothing found outside the window does not establish any of these necessary elements of the offense. Appellant also argues that the drugs found in the clothing does not support the trial court giving certain portions of the charge to the jury. Appellant's argument is essentially one of no evidence.

In reviewing the sufficiency of the evidence, the Court must determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App.1989).

To prove unlawful possession of a controlled substance, the State must show appellant exercised care, control or management over the contraband and the State must also show appellant knew the substance was a controlled substance. *Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim.App. [Panel Op.] 1980). Appellant's mere presence at a place where narcotics are found is not sufficient to convict him of possession. The State has the burden to affirmatively link appellant to the possession of the narcotic. *Bucklin v. State*, 634 S.W.2d 44, 46 (Tex.App.—Beaumont 1982, no pet.). The State can meet this burden by introducing facts and circumstances that indicate appellant's knowledge and control of the controlled substance. These facts and circumstances must create a reasonable inference that appellant knew of the controlled substance's existence and exercised control over it. *Dickey v. State*, 693 S.W.2d 386, 389 (Tex.Crim.App.1984). Possession cases in which the evidence is sufficient to support a conviction affirmatively connect the appellant to the contraband by evidence that amounts to more than mere conjecture. *Id.*

When contraband is found on clothing being worn by an accused, the question of whether the accused knowingly possessed such contraband is a question of fact to be determined by the jury. *Bucklin*, 634 S.W.2d at 47. Both undercover officers testified as to having seen a person matching appellant's description wearing clothes that matched the description of those found outside the window. Simmons testified that he had purchased crack cocaine from a person wearing clothes matching the description of those found. A uniformed officer testified he chased appellant into the apartment and appellant was wearing the clothes the police later found outside the window. Two officers saw appellant, clad only in his underwear, run from the apartment. When appellant was apprehended he was still clad only in underwear. The clothes were found on the ground outside the window of the apartment where appellant was initially found hiding. When appellant was given the clothes at the jail, he accepted them without question.

These are sufficient facts and circumstances to link appellant to the contraband found in the clothes. Viewing the facts in the light most favorable to the verdict, we find that the evidence is sufficient to sustain appellant's conviction. We overrule appellant's points of error four, five, six and seven.

In points of error eight through twelve, appellant complains the trial court erred by refusing to give the jury a definition of the phrase "beyond a reasonable doubt."

Appellant requested a jury charge on reasonable doubt prior to the decision in *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim. App.1991). *Geesa* mandates that the definition of "reasonable doubt" be included in all jury charges. *Geesa*, however specifically held that the requirement would not be retroactive. *Id.*

Although appellant recognizes this fact, he asks this court to conduct a harm analysis. Appellant fails to cite any authority to support this request and merely states, in a supplemental brief, that "the last has not yet been heard from our Court of Criminal Appeals on this point, and that our Courts of Appeal would do well to perform a harm analysis in all cases where, as here, the *Geesa* claim has been preserved." We decline to conduct such an analysis and overrule appellant's points of error eight, nine, ten, eleven and twelve.

In his thirteenth and fourteenth points of error, appellant argues the trial court erred in refusing to instruct the jury on the law of circumstantial evidence.

The requirement that a trial court give a special jury charge in cases involving circumstantial evidence has been abolished. *Hankins v. State*, 646 S.W.2d 191 (Tex.Crim.App.1981). Appellant asserts

that the rule in *Hankins* does not apply in this case because appellant was not allowed a charge on "reasonable doubt." As discussed above, because this case is a pre-*Geesa* case, appellant is not entitled to a jury charge on "reasonable doubt." Appellant's thirteenth and fourteenth points of error are overruled.

█ In his fifteenth point of error, appellant argues the trial court erred by refusing to instruct the all-white jury to apply its instructions without regard to the race or color of appellant. Appellant asserts that the trial court's failure to give such an instruction is error requiring reversal for a "more fair trial." Appellant argues that fundamental fairness requires that "white jurors in criminal prosecutions of blacks be asked to deliberate toward their verdict without regard to the race of the accused." Appellant cites no authority to support his position. Appellant instead, asks this court to "take judicial notice of the strain placed on our judicial system by the efforts to eliminate racial discrimination...."

█ An appellant who seeks reversal on the basis of error in the jury charge must demonstrate that the error exists in the charge, and then show that the error was calculated to injure his rights or caused denial of a fair and impartial trial. *Renfro v. State*, 827 S.W.2d 532 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd); Tex.Code Crim.Proc.Ann. art. 36.19 (Vernon 1981). Appellant has failed to meet this standard. We overrule appellant's fifteenth point of error.

In his eighteenth point of error, appellant argues the trial court erred by submitting a jury charge that defined "voluntary act" but failed to apply the definition to the facts of the case.

█ A person "commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession." Tex.Penal Code Ann. § 6.01(a). The evidence must show that appellant committed a voluntary act with the requisite mental state. *Wade v. State*, 630 S.W.2d 418, 419 (Tex.App.—Houston [14th Dist.] 1982, no

pet.). "Voluntariness, *per se*, is not a jury question. In the absence of evidence that appellant's conduct was *involuntary*, such conduct is voluntary as a matter of law." *Id.* (Emphasis in original).

█ The jury charge provided that:
With respect to the "possession" charged, you are instructed that such possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control.

Appellant produced no evidence that raised the issue of voluntariness; therefore, appellant's conduct was voluntary as a matter of law and no jury instruction was required. We overrule appellant's eighteenth point of error.

In points of error nineteen through twenty-one, appellant argues the trial court erred by refusing to give the jury the statutory definition of the phrase "elements of the offense." The phrase "element of offense" is defined as "the forbidden conduct; the required culpability; any required result; and the negation of any exception to the offense." Tex.Penal Code Ann. § 1.07(13)(A), (B), (C), (D).

█ Appellant maintains that the term "element of offense" is unique to criminal law and procedure, and jurors may not be presumed to know its meaning as used in the charge. Appellant believes the trial court should have instructed the jury that the phrase "elements of the offense" meant the required mental state "intentionally" or knowingly" and that each element of the offense, including the required mental state, must be proved beyond a reasonable doubt. Appellant appears to be arguing that the charge is fundamentally defective because the jury was not instructed that they could not convict appellant unless *each element* of the offense was proven beyond a reasonable doubt, including the mental state of intentionally or knowingly. There is no requirement that the burden of proof should be applied by the court's charge to each element in a separate and

distinct manner. *Smith v. State*, 721 S.W.2d 844, 853 (Tex.Crim.App.1986).

We must first determine if there is error present in the charge. If we find error, then we must determine if it is "egregious." *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984).

The pertinent parts of the court's charge are as follows:

> Our law provides that a person commits an offense if he *intentionally or knowingly* possess a controlled substance with intent to deliver. Cocaine is a controlled substance.
>
> \* \* \* \* \* \*
>
> Now, if you find from the evidence *beyond a reasonable doubt* that on or before the 19th day of December, 1990, in Walker County, Texas, the Defendant, EDDIE ROY MOSS, *knowingly or intentionally* possessed a controlled substance, ... with intent to deliver said controlled substance, then you will find the defendant guilty as charged in the indictment.
>
> \* \* \* \* \* \*
>
> The defendant is presumed to be innocent unless *each element of the offense is proved beyond a reasonable doubt*, and in case you have a reasonable doubt as to the Defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him.

(Emphasis added.) "A reading of the entire [application] paragraph in the context of the charge as a whole requires that the jury find each and every element of the offense beyond a reasonable doubt...." *Id.* We find no error in the jury charge. We overrule appellant's points of error nineteen, twenty and twenty-one.

 In his twenty-second point of error, appellant argues the trial court erred by refusing to instruct the jury that the word "acquit" does not mean "completely innocent" or that there was no evidence of guilt at all.

The TEXAS CODE OF CRIMINAL PROCEDURE provides that "all words, phrases and terms used in this Code are to be taken and understood in their usual acceptation in common language, except where specially defined." TEX.CODE CRIM.PROC.ANN. art. 3.01 (Vernon 1977). The Code does not define "acquit," and therefore the usual meaning in common language applies. Webster's Third New International Dictionary defines acquit as "to set free; to discharge completely."

Appellant maintains that the common, ordinary meaning of "acquit" requires the jury to find that there was no evidence of guilt at all before they could return a verdict of "not guilty." We disagree. All portions of the jury charge dealing with acquittal had the reasonable doubt standard as a precedent to acquittal. That is, unless the jury found that elements of the offense had been proven beyond a reasonable doubt, they were to acquit appellant. Appellant's twenty-second point of error is overruled.

In his twenty-third point of error, appellant complains the evidence was insufficient to establish that appellant *voluntarily* possessed the contraband found in the clothes or that he had the intent to deliver the contraband to another.

As previously stated in points of error four through seven, the court in reviewing the sufficiency of the evidence, must determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler*, 769 S.W.2d 234.

Appellant argues the evidence must affirmatively link him to the contraband in a manner, and to such an extent, that a reasonable inference may arise that appellant knew of the contraband's existence and whereabouts. Appellant argues the evidence in this case gave rise to no more than a strong suspicion that appellant possessed the contraband recovered from the clothes or that he had the intent to deliver.

 The jury is entitled to consider events that occurred before, during, and after the commission of the offense. *Henderson v. State*, 825 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1992, pet.

ref'd). Intent to deliver may be proved by circumstantial evidence. *Smith v. State*, 737 S.W.2d 933, 941 (Tex.App.—Dallas 1985, pet. ref'd).

The facts of the case linking appellant to the contraband have been stated previously in the discussion pertaining to points of error four through seven. We find after viewing these facts, that a rational juror could have believed appellant voluntarily possessed the cocaine with intent to deliver. The evidence is sufficient to support appellant's conviction. Accordingly, we overrule appellant's twenty-third point of error.

We affirm the judgment of the trial court.