NO. 07-04-0500-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 25, 2005



______________________________




MATTHEW GONZALES A/K/A MATHEW GONZALES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 48,924-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER ON ABATEMENT AND REMAND


 Appellant Matthew Gonzales has appealed his conviction and sentence following his
conviction of aggravated assault with a deadly weapon and assessment of punishment that
includes 9 years confinement. The clerk's record was filed on October 8, 2004, and the
reporter's record on January 10, 2005. Pending before this Court is a motion to withdraw
filed by appointed counsel W. Brooks Barfield, Jr., who represented appellant at trial, in
which counsel states he was not appointed to represent appellant on appeal.

 The trial court has the responsibility for appointing counsel to represent indigent
defendants, as well as the authority to relieve or replace counsel. Tex. Code Crim. Proc.
Ann. art. 1.051(d) (Vernon Supp. 2004-05). See also Enriquez v. State, 999 S.W.2d 906,
907 (Tex.App.-Waco 1999, no pet.). Further, the trial court retains authority to appoint or
substitute counsel even after the appellate record has been filed. Enriquez, 999 S.W.2d
at 908. See Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp. 2004-05). 
Accordingly, we now abate this appeal and remand the cause to the trial court for further
proceedings. Tex. R. App. P. 43.6. 

 Upon remand the trial court shall immediately cause notice of a hearing to be given
and, thereafter conduct a hearing to determine the following: 

 1. whether to grant counsel's motion to withdraw; and if so, 


 whether appellant still desires to prosecute this appeal and is indigent and entitled
to new appointed counsel. 



 The trial court shall also cause a hearing to be transcribed. Should it be determined
that appellant desires to continue the appeal, then the trial court shall also take such
measures as may be necessary to assure appellant effective assistance of counsel, which
measures may include the appointment of new counsel. If new counsel is appointed, the
name, address, telephone number, and state bar number of counsel shall be included in
the order appointing new counsel. 

 The trial court shall execute findings of fact, conclusions of law, and such orders as
the court may enter regarding the aforementioned issues and cause its findings and
conclusions to be included in a supplemental clerk's record. A supplemental reporter's
record of the hearing shall also be included in the appellate record. The trial court shall file
the supplemental clerk's record and the supplemental reporter's record with the Clerk of this
Court by February 25, 2005. Finally, if new counsel is appointed, appellant's brief will be
due within 30 days after the deadline for filing of the supplemental clerk's record and the
supplemental reporter's record and the State's brief will be due within 30 days thereafter. 
Tex. R. App. P. 38.6(a) & (b). 

 It is so ordered. 

 Per Curiam 

Do not publish.




47 (Tex.Crim.App. 1995). A defendant's knowledge is typically
established by circumstantial evidence. When reviewing the sufficiency of the evidence
of knowing possession our courts have long looked to the affirmative links shown between
the accused and the contraband. Brown, 911 S.W.2d at 747. This "affirmative links rule,"
based on common-sense notions, is designed to protect an innocent bystander from
conviction based solely on his fortuitous proximity to someone else's contraband. 
Poindexter v. State, 153 S.W.3d 402, 406 (Tex.Crim.App. 2005). 

 Appellant's reliance on cases involving prosecution of motor vehicle passengers for
possession of a controlled substance found in the car is misplaced. In each of those
cases, the defendant was not the owner of the car and the controlled substance was not
in the passenger compartment or otherwise within their reach. Jenkins v. State, 76 S.W.3d
709, 715 (Tex.App.-Corpus Christi 2002, pet. ref'd) (defendant was front seat passenger,
marihuana found in trunk and cocaine found after back seat was removed); Dixon v. State,
918 S.W.2d 678, 680 (Tex.App.-Beaumont 1996, no pet.) (marihuana found sealed in
speaker in trunk); Moreno v. State, 821 S.W.2d 344, 351 (Tex.App.-Waco 1992, pet. ref'd)
(cocaine found in engine compartment of car). Here appellant admitted to being the owner
of the clothing where the controlled substance was found. 

 Appellant acknowledges and attempts to distinguish the more factually similar case
of Moss v. State, 850 S.W.2d 788 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd). Moss
involved a controlled buy conducted by an informant acting for police. When officers
attempted to arrest Moss, he ran into an apartment, removed his outer clothing and
escaped through a window. Id. at 791. After Moss was found and arrested, police
retrieved the clothing from outside the apartment window. They found crack cocaine in a
pocket of the pants. Id. When the pants were offered to Moss at the jail he took them and
put them on "without complaint." Id. Based in part on testimony of officers that they saw
Moss wearing the clothes found outside the window, the court found the evidence sufficient
to sustain the conviction. Id. at 794. Appellant attempts to distinguish Moss on the basis
that no one saw him wearing the clothes before his encounter with the police. Appellant's
admission the clothing was his provides equal, if not greater, connection to the clothing
than was present in Moss, especially when augmented with the presence of appellant's
driver's license in the pants pocket. 

 Some of the facts of Bucklin v. State, 634 S.W.2d 44 (Tex.App.-Beaumont 1982,
no pet.), are similar to those presented here. In Bucklin officers executing a search warrant
found Bucklin and a woman in the house. On the bed of the master bedroom officers
found a pair of pants containing $1,415 cash in one pocket and Bucklin's driver's license
and methamphetamine in another pocket. Id. 45. Before leaving for the jail, Bucklin asked 
to put on some clothes. He retrieved and put on the pants officers found on the bed. Id.
at 46. The court of appeals rejected Bucklin's sufficiency challenge, citing the presence
of his driver's license in the pants, his selection of those pants to wear to jail, and evidence
he lived at the house. Id. at 47. Here, as in Bucklin, the officers did not see the defendant
wearing the clothing before arresting him. In both cases the defendant's identification was
in the same garment as the contraband.

 Appellant argues the State failed to produce any evidence he was in possession of
the controlled substance before officer Morris gave him the pants found lying in Bullock
Street. We disagree. The conclusion that appellant had worn the clothing earlier in the
evening is supported by his unclothed condition when first encountered by officers, the
nearby location of the pants, his express identification of the pants as his, his putting them
on, and the presence of a wallet in the pocket containing his driver's license. The
circumstantial nature of the evidence does not alter our sufficiency review. Geesa v. State,
820 S.W.2d 154, 158 (Tex.Crim.App. 1991). 

 The State was not required to disprove the possibility someone found appellant's
pants in the street and, unknown to appellant, placed cocaine in the pocket. The State's
burden is to prove each element beyond a reasonable doubt, not to exclude every
conceivable alternative to a defendant's guilt. See Geesa, 820 S.W.2d at 161 (rejecting
outstanding reasonable hypothesis of innocence as standard for reviewing sufficiency of
circumstantial evidence). The presence of appellant's clothing in the street is not
significantly different from the fact in Moss that the clothing was outside the apartment
window while officers located and arrested Moss. 850 S.W.2d at 791. A rational trier of
fact could have found the elements of the offense beyond a reasonable doubt. The
evidence was legally sufficient to support the jury's verdict.

 By his factual insufficiency argument, appellant contends a neutral review shows the
evidence "is so obviously weak and factually insufficient that the verdict is unjust." His brief
elsewhere challenges the sufficiency of evidence supporting the jury's implicit finding that
the cocaine was present in the pants at the time appellant removed them, by characterizing
the area where the clothing was found as a "densely-occupied residential area" and
pointing out there were 30 to 40 people in the general vicinity. But the clothing was found
lying in Bullock Street. The 30 to 40 people officer McIntee saw were on Brazier Street. 
Moreover, the jury saw the videotape made from Morris's patrol car. During the eleven
minutes that expired between Morris's initial approach of appellant and officer Poras's
report he found appellant's identification, Morris drove several streets and alleys looking
for appellant. Not a single pedestrian is shown on the videotape and the only vehicle
Morris passed was another patrol car. Even if we consider the evidence of the presence
of other people on Brazier Street to be contrary to the jury's verdict, it is not so strong as
to preclude appellant's guilt beyond a reasonable doubt. Zuniga, 144 S.W.3d at 485. 
Considering all the evidence in a neutral light, the jury was rationally justified in finding
appellant guilty beyond a reasonable doubt. Id. at 484. The evidence of guilt was factually
sufficient. We overrule appellant's sole issue and affirm the trial court's judgment.


 James T. Campbell

 Justice





Publish.








 
1. The record does not show the distance between these locations but testimony and
appellant's counsel's argument to the jury indicate they were separated by at least two
blocks.