NO. 07-04-0596-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 30, 2006
_____

CURTIS DWIGHT THOMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A15653-0408; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_____

Before QUINN, C.J., and CAMPBELL AND HANCOCK, JJ.

**OPINION**

Curtis Dwight Thomas brings this appeal challenging the sufficiency of the evidence supporting his conviction for possession of cocaine and jury-assessed punishment, enhanced by prior convictions, of fifteen years confinement. We affirm.

In the early morning hours of June 11, 2004, Plainview police officer Brian Morris responded to reports of a person knocking on doors and asking for help. Officer Morris drove to Bullock Street in Plainview, where he found appellant sitting on the curb in boxer shorts and socks. Appellant chose not to engage in conversation with Morris and

"disappeared" into the night. While the police were searching for appellant, officer Joe Poras retrieved items of clothing lying in Bullock Street and found a wallet containing appellant's driver's license in a back pocket of the pants. About twenty minutes after the original encounter a third responding officer, Art McIntee, located appellant in an area the officers referred to as "the hood."[1] McIntee took appellant into custody and transported him back to Bullock Street for identification. Morris identified appellant and arrested him for public intoxication.

Appellant identified the clothing found in the street as his and the officers removed the handcuffs and allowed appellant to get dressed. Only after appellant was fully clothed did Morris search him "to make sure . . . there is no knives, guns or anything like that on their person, or anything illegal." This search revealed a plastic bag in the front pocket of appellant's pants containing what was later determined to be crack cocaine, thus prompting appellant's prosecution for possession of a controlled substance.

The State's case in chief included the testimony of the officers named, a videotape of the events from Morris's patrol car, a chemist who identified the substance found in appellant's pocket as .39 grams of cocaine, and two officers who had custody of that evidence. Appellant did not testify. The jury found appellant guilty and, on his plea of true to two prior convictions, returned a verdict on punishment of fifteen years confinement and a $5,000 fine. The trial court rendered judgment in conformity with the jury's verdicts.

---

[1] The record does not show the distance between these locations but testimony and appellant's counsel's argument to the jury indicate they were separated by at least two blocks.

Appellant now presents a single issue challenging the legal and factual sufficiency of the evidence supporting his conviction. His brief correctly states the standards by which we must review challenges to the legal and factual sufficiency of the evidence and recitation of those standards here is unnecessary. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Zuniga v. State,* 144 S.W.3d 477, 484-85 (Tex.Crim.App. 2004); *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App. 1996) (explicating standards of review). To prove unlawful possession of a controlled substance, the State was required to prove the accused (1) exercised actual care, custody, control, or management over the substance and (2) knew the matter he possessed was contraband. Tex. Health & Safety Code Ann. §§ 481.002(38), 481.115 (Vernon 2003); *Brown v.* State, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995). A defendant's knowledge is typically established by circumstantial evidence. When reviewing the sufficiency of the evidence of knowing possession our courts have long looked to the affirmative links shown between the accused and the contraband. *Brown*, 911 S.W.2d at 747. This "affirmative links rule," based on common-sense notions, is designed to protect an innocent bystander from conviction based solely on his fortuitous proximity to someone else's contraband. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex.Crim.App. 2005).

Appellant's reliance on cases involving prosecution of motor vehicle passengers for possession of a controlled substance found in the car is misplaced. In each of those cases, the defendant was not the owner of the car and the controlled substance was not in the passenger compartment or otherwise within their reach. *Jenkins v. State*, 76 S.W.3d 709, 715 (Tex.App.–Corpus Christi 2002, pet. ref'd) (defendant was front seat passenger,

3

marihuana found in trunk and cocaine found after back seat was removed); *Dixon v. State*, 918 S.W.2d 678, 680 (Tex.App.–Beaumont 1996, no pet.) (marihuana found sealed in speaker in trunk); *Moreno v. State*, 821 S.W.2d 344, 351 (Tex.App.–Waco 1992, pet. ref'd) (cocaine found in engine compartment of car). Here appellant admitted to being the owner of the clothing where the controlled substance was found.

Appellant acknowledges and attempts to distinguish the more factually similar case of *Moss v. State*, 850 S.W.2d 788 (Tex.App.–Houston [14th Dist.] 1993, pet. ref'd). *Moss* involved a controlled buy conducted by an informant acting for police. When officers attempted to arrest Moss, he ran into an apartment, removed his outer clothing and escaped through a window. *Id.* at 791. After Moss was found and arrested, police retrieved the clothing from outside the apartment window. They found crack cocaine in a pocket of the pants. *Id.* When the pants were offered to Moss at the jail he took them and put them on "without complaint." *Id.* Based in part on testimony of officers that they saw Moss wearing the clothes found outside the window, the court found the evidence sufficient to sustain the conviction. *Id.* at 794. Appellant attempts to distinguish *Moss* on the basis that no one saw him wearing the clothes before his encounter with the police. Appellant's admission the clothing was his provides equal, if not greater, connection to the clothing than was present in *Moss*, especially when augmented with the presence of appellant's driver's license in the pants pocket.

Some of the facts of *Bucklin v. State*, 634 S.W.2d 44 (Tex.App.–Beaumont 1982, no pet.), are similar to those presented here. In *Bucklin* officers executing a search warrant

4

found Bucklin and a woman in the house. On the bed of the master bedroom officers found a pair of pants containing $1,415 cash in one pocket and Bucklin's driver's license and methamphetamine in another pocket. *Id.* 45. Before leaving for the jail, Bucklin asked to put on some clothes. He retrieved and put on the pants officers found on the bed. *Id.* at 46. The court of appeals rejected Bucklin's sufficiency challenge, citing the presence of his driver's license in the pants, his selection of those pants to wear to jail, and evidence he lived at the house. *Id.* at 47. Here, as in *Bucklin*, the officers did not see the defendant wearing the clothing before arresting him. In both cases the defendant's identification was in the same garment as the contraband.

Appellant argues the State failed to produce any evidence he was in possession of the controlled substance before officer Morris gave him the pants found lying in Bullock Street. We disagree. The conclusion that appellant had worn the clothing earlier in the evening is supported by his unclothed condition when first encountered by officers, the nearby location of the pants, his express identification of the pants as his, his putting them on, and the presence of a wallet in the pocket containing his driver's license. The circumstantial nature of the evidence does not alter our sufficiency review. *Geesa v. State*, 820 S.W.2d 154, 158 (Tex.Crim.App. 1991).

The State was not required to disprove the possibility someone found appellant's pants in the street and, unknown to appellant, placed cocaine in the pocket. The State's burden is to prove each element beyond a reasonable doubt, not to exclude every conceivable alternative to a defendant's guilt. *See Geesa*, 820 S.W.2d at 161 (rejecting

5

outstanding reasonable hypothesis of innocence as standard for reviewing sufficiency of circumstantial evidence). The presence of appellant's clothing in the street is not significantly different from the fact in *Moss* that the clothing was outside the apartment window while officers located and arrested Moss. 850 S.W.2d at 791. A rational trier of fact could have found the elements of the offense beyond a reasonable doubt. The evidence was legally sufficient to support the jury's verdict.

By his factual insufficiency argument, appellant contends a neutral review shows the evidence "is so obviously weak and factually insufficient that the verdict is unjust." His brief elsewhere challenges the sufficiency of evidence supporting the jury's implicit finding that the cocaine was present in the pants at the time appellant removed them, by characterizing the area where the clothing was found as a "densely-occupied residential area" and pointing out there were 30 to 40 people in the general vicinity. But the clothing was found lying in Bullock Street. The 30 to 40 people officer McIntee saw were on Brazier Street. Moreover, the jury saw the videotape made from Morris's patrol car. During the eleven minutes that expired between Morris's initial approach of appellant and officer Poras's report he found appellant's identification, Morris drove several streets and alleys looking for appellant. Not a single pedestrian is shown on the videotape and the only vehicle Morris passed was another patrol car. Even if we consider the evidence of the presence of other people on Brazier Street to be contrary to the jury's verdict, it is not so strong as to preclude appellant's guilt beyond a reasonable doubt. *Zuniga*, 144 S.W.3d at 485. Considering all the evidence in a neutral light, the jury was rationally justified in finding

6

appellant guilty beyond a reasonable doubt. *Id.* at 484. The evidence of guilt was factually sufficient. We overrule appellant's sole issue and affirm the trial court's judgment.


James T. Campbell
Justice


Publish.