NO. 07-03-0397-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 22, 2004

_____

SIMON ORLANDO CHAVEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 43,032-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following his plea of not guilty, appellant Simon Orlando Chavez was convicted by a jury of possession with intent to deliver a controlled substance and punishment was assessed by the court at twenty five years confinement. Challenging his conviction by two issues, appellant contends (1) the evidence is legally and factually insufficient to support his

conviction and (2) his trial counsel was ineffective for failing to raise the defense of entrapment. We affirm.

Officers with the Trans Pecos Drug Trafficking Task Force and the Panhandle Regional Narcotics Trafficking Task Force conducted a "reverse sting" operation in which they posed as drug dealers to sell narcotics to appellant. Arrangements were made for appellant to travel from Missouri to Texas to negotiate a deal. After appellant obtained the money for the buy, undercover officers displayed packages of cocaine and marihuana and handed them to appellant. He handed the packages back and began counting the money. The arrest team was signaled to arrest appellant.

By subparts A and B of his first issue, appellant contends the evidence is both legally and factually insufficient to support his conviction. We disagree. Considering that the gravamen of appellant's complaints is that the State failed to establish his intentional and knowing possession of cocaine, we will examine the issues concurrently.

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004-05); Tex. Pen. Code Ann. § 2.01 (Vernon 2003). In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact

2

could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 44 U.S. at 319. As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. The Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); *see also* King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact finder's determination only if a manifest injustice has occurred. *Johnson*, 23 S.W.3d at 12. In conducting this analysis, we may disagree with the jury's determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder. *See* Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

To establish possession of a controlled substance, the State was required to prove beyond a reasonable doubt that appellant exercised care, custody, control, or management over the substance knowing it was contraband. *See* Tex. Health & Safety Code Ann. §§ 481.002(38) & 481.112 (a) (Vernon 2003); *see also* King v. State, 895 S.W.2d 701, 703 (Tex.Cr.App. 1995). In a possession with intent to deliver case, the "intent to deliver" element may be proved by circumstantial evidence, such as the quantity of drugs possessed, the manner of packaging, and the presence of the accused in a drug house. *See* Moss v. State, 850 S.W.2d 788, 797 (Tex.App.–Houston [14th Dist] 1993, pet. ref'd).

Appellant contends that evidence is legally and factually insufficient to show that he was (1) in possession of the cocaine (2) which weighed 400 grams or more. Accordingly, our review will primarily focus on the evidence of appellant's possession and the weight of the cocaine.

While working in an undercover capacity, Agent Larry Arredondo of the Reeves County Sheriff's Office made arrangements with appellant to make a narcotics transaction to be completed in Amarillo utilizing a "reverse sting" operation. After several phone conferences, appellant agreed to meet the agent in Amarillo. He traveled from St. Louis, Missouri to meet the agent at a restaurant in Amarillo. At the first meeting, appellant, accompanied by his girlfriend, began to negotiate the price and quantity of marihuana and cocaine to be furnished. Appellant left and when he returned, the agent informed him of the quantity and price of the drugs. Per the agent's instructions, appellant followed him to a post office parking lot, where another undercover officer waited in a van with the drugs. After appellant got in the van, he

4

obtained the purchase money from his girlfriend's backpack and was shown a kilogram of cocaine and one pound of marihuana. The package of cocaine was handed to appellant; however, he handed it back and he and an agent counted the money. The arrest team was signaled to arrest appellant.

Officer Nevins of the Amarillo Police Department testified that according to his investigation, appellant's left middle fingerprint was found on the cocaine package but no prints were found on the packaged marihuana sample. A toxicology laboratory analyst testified that she analyzed the brick of cocaine. On the first test, the brick weighed 2.3 pounds and her analysis of a sample of the cocaine was 88.5% pure. A few months later, she conducted another analysis. At that time, the brick weighed 2.2 pounds and was found to be 92.4% pure. She also testified that the amount of cocaine exceeded 400 grams.

By its charge, the court instructed the jury that "possession" means to have actual care, custody, control or management. The charge also contained an instruction on acting intentionally or with intent and acting with knowledge or knowingly. Appellant did not object to these instructions and does present any charge error on appeal.

Although appellant concedes that the fingerprint evidence shows he touched the cocaine package, he contends the agents never allowed him to exercise "actual care, custody, control, or management of the drugs." Thus, he argues no rational trier of fact could conclude he possessed the drugs. However, appellant's argument is flawed because sections 481.002(38) and 481.112(a) do not require that a defendant must have had the "exclusive actual care, custody, control, or management" of the drugs. Further, neither the

5

statute nor the court's definition require that control must be exclusive, but instead, possession under joint control may be exercised with one or more persons. Cude v. State, 716 S.W.2d 46, 47 (Tex.Cr.App. 1986).

Appellant argues the evidence is factually insufficient because it does not show he had exclusive possession of the cocaine. However, as above noted, the applicable statutes do not require that possession be "exclusive." Moreover, appellant did not present an objection to the definition as contained in the charge or request a definition tailored to the evidence and argument presented here. Accordingly, appellant's implied complaint about the definition of the term possession as charged is waived and his complaint about the definition of the term possession presents nothing for our review. Tex. Code Crim Proc. Ann. art. 36.14 (Vernon Supp. 2004-05); *see also* Franklin v. State, 12 S.W.3d 473, 475 (Tex.Cr.App. 2000). Accordingly, appellant's sub-parts A and B of issue one are overruled.

By his second issue, appellant contends his trial counsel was ineffective for failing to raise the defense of entrapment. We disagree.

A claim of ineffective assistance of counsel is reviewed under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[1] Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that

---

[1]The Court of Criminal Appeals has overruled both Ex parte Duffy, 607 S.W.2d 507, 516 (Tex.Cr.App. 1980) and Ex parte Cruz, 739 S.W.2d 53 (Tex.Cr.App. 1987) by its decision in Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App. 1999).

but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); *see also* Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). In other words, appellant must demonstrate that the deficient performance prejudiced his defense. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), *cert. denied*, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995).

The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel. *Id*. Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); *see also* Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). Appellate review of trial counsel's representation is highly deferential and presumes that counsel's conduct fell within the wide range of reasonable and professional representation. Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002); *see also* Mallett v. State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001). Also, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999).

Appellant concedes that although his counsel raised the defense of entrapment, he was ineffective for failing to pursue it. Citing *Strickland*, appellant recognizes the two-step analysis. However, he does not take into consideration that as an appellate court, we must presume that counsel made all significant decisions in the exercise of reasonable professional judgment. *See* Jackson v. State, 877 S.W.2d 768, 771 (Tex.Cr.App. 1994); Delrio v. State, 840 S.W.2d 443, 447 (Tex.Cr.App. 1992).

Because the defense of entrapment was raised by appellant's counsel, it cannot be argued that entrapment was overlooked by counsel. To the contrary, the record shows that the defense was raised and considered, but not pursued. Considering the strong presumption that counsel's conduct might be considered sound trial strategy, appellant's second issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.