COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
| HIRAM RIOS, | | No. 08-12-00089-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 41st District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20100D02882) |
| | § | |

## O P I N I O N

Hiram Rios appeals his conviction for the offense of possession of a controlled substance, to wit: cocaine, having an aggregate weight of one gram or more but less than four grams. A jury found Appellant guilty and assessed punishment at four years' confinement in the Texas Department of Criminal Justice - Institutional Division. For the reasons that follow, we affirm.

### FACTUAL SUMMARY

On June 8, 2010, at approximately 1:57 a.m., Officers Robert Looney and Ramon Gonzalez were dispatched to a "fight in progress" outside a bar in El Paso, Texas. Upon arrival, the officers observed a man walking toward them in the parking lot whom they believed to have been involved in the fight. The officers spoke briefly with the man who directed them back toward the bar, where they spotted Appellant lying on the ground. Officer Looney went over to help Appellant while Officer Gonzalez stayed with the first individual. Looney testified that

when he initially approached, Appellant was unresponsive and giving off a strong odor of alcohol. Officer Looney identified himself as a police officer and asked Appellant if he had any identification. Appellant acknowledged that he had identification and pointed to the front pocket of his pants. Officer Looney asked Appellant if he had permission to look in the pocket and Appellant replied, "Yeah."[1] Officer Looney looked in the pocket Appellant had pointed to and found a baggie containing a hard, white, rock-like substance, as well as dollar bills folded in a manner he recognized as consistent with cocaine use.

Emergency Medical Services personnel arrived on the scene at approximately 2 a.m. Appellant was treated for an injury to his forehead, but refused medical transport.[2] The paramedic who treated Appellant testified that he was alert as to his person and his surroundings and competent to refuse transport. Appellant was then transported to the police station where his injuries were photographed.

At the station, police supervisors decided Appellant should be taken to a hospital and, at approximately 2:35 a.m., Appellant was transported to University Medical Center. Heidrun Bean, a registered nurse, performed a triage assessment.[3] Bean testified that Appellant presented with a hematoma to the left side of the forehead with a small laceration approximately four centimeters in length. Appellant smelled of alcohol, but his vital signs were normal and he

---

[1] Officer Looney testified he had no suspicions about what he would find in Appellant's pocket other than an ID, and that he would not have not have looked in Appellant's pocket had Appellant not consented.

[2] The treating paramedic identified the injury to Appellant's forehead as a hematoma, which he described as "I guess like a bump on his forehead." He testified that he saw no signs Appellant was suffering the effects of a concussion and did not observe any signs of trauma, besides the hematoma. At trial, the paramedic described the process for assessing a patient and then testified that he assessed Appellant as a level III - trauma, the least critical level Appellant could be.

[3] Appellant's medical records were admitted into evidence without objection.

received the highest possible score on the "Glasgow coma" examination, a scale used by medical professionals to determine if a patient is alert, oriented, and obeys commands.

The substance Officer Looney found in the baggie in Appellant's pocket was later tested by a toxicologist in the narcotics section of the El Paso Police Department laboratory. The toxicologist verified that the substance was in fact cocaine and weighed 1.37 grams.[4]

At trial, Appellant testified in his own defense. He claimed that he never gave Officer Looney consent to search his pockets. In fact, he had no memory of when the police arrived because he was unconscious. The first thing Appellant remembered after regaining consciousness was an officer helping him sit up and telling him, "Let's sit up. I'm going to ask you a few questions." According to Appellant, he was already handcuffed at that point. On cross-examination, Appellant testified that the cocaine was not in his pocket before he became unconscious. He then acknowledged that on January 19, 2010, he was convicted for possession of cocaine under one gram, a felony.

After hearing all the evidence, a jury found Appellant guilty of unlawful possession of a controlled substance, more than one gram but less than four grams of cocaine and sentenced him to four years' imprisonment. This appeal follows.

**MOTION TO SUPPRESS**

In Issue One, Appellant complains of the denial of his motion to suppress the cocaine found in his pants pocket. However, we must initially address the State's contention that Appellant failed to obtain a ruling on his motion to suppress and therefore failed to preserve his complaint for appeal.

---

[4] At trial, the toxicologist, Nahum Nahera, acknowledged that the El Paso Police Department laboratory had recently come off probation imposed by the Laboratory Accreditation Board. However, she also testified that the lab's results in this case were reviewed by an outside laboratory and found to be correct.

As a prerequisite to presenting a complaint for appellate review, the record must show that the party made a timely and specific, objection, request or motion to the trial court. TEX.R.APP.P. 33.1(a)(1); *Pena v. State*, 353 S.W.3d 797, 807 (Tex.Crim.App. 2011). The record must also show that the trial court either: (1) expressly or implicitly ruled on the objection, request, or motion; or (2) "refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." TEX.R.APP.P. 33.1(a)(2); *Pena*, 353 S.W.3d at 807. Failure to obtain an adverse ruling on a motion to suppress evidence waives error. *Dunavin v. State*, 611 S.W.2d 91, 97 (Tex.Crim.App. 1981).

Here, the record demonstrates that at the conclusion of the motion to suppress hearing, the trial judge informed the parties she would "take it under advisement" and notify them of her ruling. After a careful review of the appellate record, we find no evidence of any express oral or written ruling on the motion.[5]

There is also no implicit ruling based on the record before us. In *Montanez v. State,* 195 S.W.3d 101, 105 (Tex.Crim.App. 2006), the Texas Court of Criminal Appeals held that the suppression issue was not waived even though the record in that case lacked a ruling on the suppression motion, because the trial court's certification of the appellant's right to appeal a pre-trial ruling "unquestionably indicated" that the trial court had denied the motion to suppress, and the docket sheet in the record showed that the court had considered the suppression issue. *Id*. at 105. Although in the instant case the trial court indicated an intent to rule on the motion to suppress at the end of the suppression hearing, none of the other factors consider in *Montanez* are present. *See id*. Therefore, unlike in *Montanez,* the record before us does not "unquestionably" reflect that the trial court specifically denied appellant's motion to suppress the evidence. *See id*.

---

[5] Appellant does not cite to the record in support of his assertion that the trial court denied his motion to suppress.

Further, despite failing to obtain a ruling on his motion to suppress evidence, Appellant still could have preserved error by objecting to the complained of evidence when it was offered at trial. However, the appellate record shows that Appellant did not object to the admission of the evidence during trial. In fact, Appellant's counsel affirmatively stated, "No objection, Judge" when the State sought to introduce evidence of the cocaine found in Appellant's pocket during trial. Accordingly, Appellant failed to preserve this issue for appellate review. *See Coleman v. State,* 113 S.W.3d 496, 499 (Tex.App.--Houston [1st Dist.] 2003), *affirmed on other grounds,* 145 S.W.3d 649 (Tex.Crim.App. 2004)(recognizing that the mere filing of a motion to suppress, without obtaining a ruling on the motion, failed to preserve the issue for appeal where the party failed to object to the admission of the evidence at trial). We overrule Issue One.

## ADMISSION OF EVIDENCE

In Issue Two, Appellant contends the trial court abused its discretion by admitting evidence of his prior conviction for possession of cocaine during the guilt/innocence stage of the trial.

### *Standard of Review*

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Robbins v. State,* 88 S.W.3d 256, 259-60 (Tex.Crim.App. 2002). As long as a trial court's decision to admit evidence is within the "zone of reasonable disagreement," no abuse of discretion occurs. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App. 1991). We must uphold the trial court's decision "[i]f the ruling was correct on any theory of law applicable to the case, in light of what was before the trial court at the time the ruling was made." *Sauceda v. State,* 129 S.W.3d 116, 120 (Tex.Crim.App. 2004).

### *Relevant Factual Summary*

The record reflects that during the guilt/innocence phase of the trial, the State sought to introduce evidence of Appellant's prior conviction for possession of cocaine. The prior conviction date was January 19, 2010, approximately six months before the charged offense occurred.

Outside the presence of the jury, the State argued that the evidence was admissible to rebut Appellant's defensive theory that he did not intentionally or knowingly possess the cocaine found in his pants pocket because the cocaine was planted on him by other individuals while he was unconscious. Appellant objected and argued the evidence was "character conformity" evidence and therefore inadmissible under Texas Rule of Evidence 404(b). Appellant also objected under Rule 403, arguing that such evidence tipped the scales of justice "way to [sic] far."

In response to a question from the court, the State then explained that the evidence it was seeking to introduce was, "the judgment or, in the alternative, the stipulation, if [counsel for Appellant] would prefer." The State also requested a limiting instruction to the jury that the evidence was "specifically intended to rebut the defensive theory that he was not aware of the cocaine in his pocket or that someone had placed it in his pocket," and not as proof of character conformity. The conversation below followed:

> [COUNSEL FOR APPELLANT]: I think that's kind of disingenuous for counsel to even suggest that it's not being brought forth for propensity purposes. They're trying to rebut that it was placed on him by saying that he has a propensity for using cocaine. That's exactly what the prosecution is doing here and the rules do not allow for that. Specifically 404(b) -- and it talks about it in the case that [the Prosecutor] cited -- specifically it says used to prove motive. There's no proof of motive here because he had a prior conviction for cocaine. Used to prove opportunity, there's no proof of opportunity in his prior possession case.

THE COURT: Well, let me ask you this. Because if the Court even considers letting it in, it would be in regards to one of the exceptions, which is knowledge.

[COUNSEL FOR APPELLANT]: But knowledge would only come into place, Judge, if my client had the cocaine in his possession and he said he didn't know what it was because, 'Oh, well, this is how cocaine is normally packaged. This is what it is.' Well, when you're unconscious and you're suggesting that someone planted it on you, the very essence of our argument here is that he had no knowledge whatsoever. That's if you had, I don't know, whatever the tools were for committing a particular crime and you had them in your possession and you say, 'Oh, I didn't know what that was for. I didn't realize that was a scale for marijuana.' But when you're not even conscious of the fact, you have absolutely no knowledge.

He's specifically trying to prove propensity. That's what we're getting here, Judge. And if we allow that in front of this jury, it's a done deal. And that's specifically what the rules say that you cannot do. The case that he cited, in the same passage that he's in, the same paragraph that he's quoting from, it talks about motive, opportunity, intent, preparation, planning, identity.

THE COURT: Knowledge.

[COUNSEL FOR APPELLANT]: Knowledge. And he had no knowledge of what was on him because he was out cold. That's if you have a kit to pick locks and you have it in your pocket, 'Oh, what is that for? I didn't know.' If you're not conscious, Judge, you don't know. That's the case that he cited. There's nothing about unconsciousness there and that's what differentiates this case from the one that [the Prosecutor] is talking about. You cannot have knowledge of something that you did not know was in your possession. And to suggest that he knew that it was in his possession, there's no evidence whatsoever of that here before this Court, Judge. There's none.

At that point, the trial court overruled Appellant's objections and announced its decision to allow the evidence, along with a limiting instruction that the evidence was not being offered for character conformity, but only offered to determine knowledge, if any. The trial court then gave the parties the opportunity to decide in what form the evidence would be introduced. The parties agreed to the following stipulation regarding Appellant's prior conviction:

Hiram Rios, being the defendant before the court and jury and currently standing trial, is one and the same person who, on January 19th, 2010, in the 41st District Court of El Paso County, Texas, under Cause Number 20090D05591, was convicted of the offense of possession of a controlled substance in penalty group I, cocaine, under 1 gram, an offense committed on or about November 3rd, 2009.

The jury returned to the court room and the State read the stipulation. When the Prosecutor finished reading the stipulation, the trial court gave the jury the following limiting instruction:

> All right. Ladies and gentlemen, that was read to you. That evidence is for you that you may consider along with the other evidence; however, it is only being admitted for a specific purpose. And, if you want to use that evidence, the purpose would be for knowledge and it is not being given to you to show that the defendant acted in conformity with any past character. And then I'm also going to give you an instruction in the charge regarding that. It is only being introduced for you to use, if you wish to, for the purpose of knowledge.

Appellant then took the stand. During Appellant's testimony, the State asked if Appellant was "the same Hiram Rios who, on January 19th, 2010, in the 41st District Court of El Paso County, Texas, under Cause Number 20090D05591, was convicted of the offense of possession of a controlled substance in penalty group I, cocaine, under one gram, an offense committed on or about November 3rd, 2009?" Essentially, the State repeated the stipulation in question form. Appellant acknowledged that he was in fact the same person. Finally, we note that the trial court gave the jury the following instruction:

> You are instructed that if there is any evidence before you in this case regarding the defendant having committed an offense other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offense, if any was committed, and even then you may only consider the same in determining the intent or knowledge of the defendant, if any, in connection with the offense alleged against him in the indictment in this case and for no other purpose.

On appeal, Appellant contends the trial court abused its discretion by allowing the State to introduce evidence of his prior conviction for possession of cocaine via the stipulation and the State's question to Appellant on the stand. Appellant argues that the evidence was inadmissible character evidence under Rule 404(b) and that the probative value of the extraneous offense evidence was substantially outweighed by the danger of unfair prejudice. He also argues that the

- 8 -

evidence was inherently prejudicial and harmed him by requiring him not only to defend against the offense charged, but also his uncharged actions, thus requiring a new trial. The State responds that the testimony was properly admitted under Rule 404(b) to rebut a defensive theory and that Appellant failed to show the prejudicial nature of the evidence outweighed its probative value. The State further contends that even if there was error in admitting the evidence, it must be disregarded because it did not have a substantial or injurious effect on the jury's verdict. We will address each of these contentions below.

### *Admissibility Under Rules 401 and 404(b)*

Texas Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX.R.EVID. 401.

Rule 404(b) embodies the established principle that a defendant is not to be tried for collateral crimes or for being a criminal generally. *Nobles v. State*, 843 S.W.2d 503, 514 (Tex.Crim.App. 1992). Evidence of extraneous offenses or prior wrongful acts are generally not admissible during the guilt-innocence phase as evidence that a defendant acted in conformity with his character by committing the charged offense. TEX.R.EVID. 404(b); *Johnston v. State,* 145 S.W.3d 215, 219 (Tex.Crim.App. 2004); *Montgomery*, 810 S.W.2d at 390. However, evidence of extraneous misconduct or other crimes may be admissible if it has relevance apart from its tendency "to prove the character of a person in order to show action in conformity therewith." TEX.R.EVID. 404(b). These permissible purposes include proof of intent, preparation, plan, knowledge, identity, or absence of mistake or accident. TEX.R.EVID. 404(b); *Moses v. State,* 105 S.W.3d 622, 626 (Tex.Crim.App. 2003). Such evidence is also admissible to rebut a defensive theory. TEX.R.EVID. 404(b); *Williams v. State*, 301 S.W.3d 675, 687

(Tex.Crim.App. 2009); *Powell v. State*, 63 S.W.3d 435, 439-40 (Tex.Crim.App. 2001). By raising a defensive theory, the defendant opens the door for the State to offer rebuttal testimony regarding an extraneous offense if the extraneous offense has common characteristics with the offense for which the defendant was on trial. *See Richardson v. State*, 328 S.W.3d 61, 71 (Tex.App.--Fort Worth 2010, pet. ref'd), *citing Bell v. State*, 620 S.W.2d 116, 126 (Tex.Crim.App. 1980); *Jones v. State*, 119 S.W.3d 412, 421 (Tex.App.--Fort Worth 2003, no pet.).

At trial, Appellant's defensive theory was that he did not know the cocaine was in his pocket because it was placed there while he was unconscious, thus attempting to negate the knowledge element of the offense. The extraneous offense evidence was therefore relevant because it logically makes elemental facts, intent, and knowledge, more or less probable, and it makes the defense's evidence, attempting to undermine these elemental facts, more or less probable. *See Montgomery*, 810 S.W.2d at 387-88. We conclude that the trial court could have reasonably decided that the stipulation regarding Appellant's prior conviction was not offered for character conformity purposes, but instead to rebut Appellant's defensive theory that the cocaine was planted on him and he had no knowledge of its existence. *See Wingfield v. State*, 197 S.W.3d 922, 925 (Tex.App.--Dallas 2006, no pet.)(holding that evidence of prior instances of drug use was admissible to show that possession of the same drug was intentional or knowing). Moreover, the trial court's limiting instruction shows that the trial court did not admit the testimony for character conformity purposes, but instead solely to determine Appellant's knowledge of, and intent to, commit the alleged offense. *See* TEX.R.EVID. 105(a)(providing for a limiting instruction when evidence is admissible for one purpose but not admissible for another). Therefore, the trial court did not abuse its discretion under Rule 404(b) by admitting

the complained of evidence to rebut Appellant's defensive theory. Having determined that the extraneous offense evidence had relevance apart from showing appellant's bad character, we must now determine whether the court conducted a proper Rule 403 analysis.

### *Admissibility Under Rule 403*

Even though evidence is relevant for a non-character conformity purpose, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *See* TEX.R.EVID. 403; *Montgomery*, 810 S.W.2d at 387. On appeal, Appellant argues that the evidence of his prior conviction was "totally unnecessary to provide the jury with a full account of the alleged offense," and the prejudicial effect of the evidence was "grossly disproportionate to the probative value, if any." Appellant further contends that the evidence "distracted the jury from considering whether he was guilty of the crime charged," and instead caused the jury to convict him solely because he was "perceived as a junky." We disagree.

Where a proper objection is made based on Rule 403, the trial court must conduct a balancing test. *Rojas v. State*, 986 S.W.2d 241, 250 (Tex.Crim.App. 1998); *Williams v. State*, 958 S.W.2d 186, 195 (Tex.Crim.App. 1997)(holding trial court has no discretion as to whether to conduct balancing test under Rule 403). In conducting a Rule 403 balancing test, the trial court must balance: (1) the inherent probative value of the evidence and (2) the State's need for that evidence, against any tendency of the evidence to (3) suggest decision on an improper basis, (4) confuse or distract the jury from the main issues, or (5) be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or be needlessly cumulative. *See Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex.Crim.App. 2006). In practice, these factors may well blend together. *Id.* Under rule 403, it is presumed that the

probative value of relevant evidence exceeds any danger of unfair prejudice. *Hammer v. State*, 296 S.W.3d 555, 568 (Tex.Crim.App. 2009); *see Allen v. State*, 108 S.W.3d 281, 284 (Tex.Crim.App. 2003), *cert. denied*, 540 U.S. 1185, 124 S.Ct. 1405, 158 L.Ed.2d 90 (2004), *citing Jones v. State*, 944 S.W.2d 642, 652-53 (Tex.Crim.App. 1996), *cert. denied*, 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997). The rule envisions exclusion of evidence only when there is a clear disparity between the degree of prejudice of the offered evidence and its probative value. *Id.*; *see also Casey v. State*, 215 S.W.3d 870, 879 (Tex.Crim.App. 2007)(noting that, "[i]n keeping with the presumption of admissibility of relevant evidence, trial courts should favor admission in close cases."). In other words, only unfair prejudice will provide a basis for exclusion of relevant evidence. *See Montgomery*, 810 S.W.2d at 389. Unfairly prejudicial evidence means evidence that has "an undue tendency to suggest that a decision be made on an improper basis." *Reese v. State*, 33 S.W.3d 238, 240 (Tex.Crim.App. 2000), *citing Montgomery*, 810 S.W.2d at 389.

Here, the State had the burden to prove that Appellant intentionally and knowingly possessed the cocaine found in his pocket. Officer Looney testified that Appellant was conscious and consented, before he looked in Appellant's pocket and found the cocaine. In contrast, Appellant testified that he was unconscious until after the drugs were found and he was handcuffed. He testified not only that he did not give consent for Officer Looney to look in his pocket, but that he had no knowledge of the cocaine found therein. As discussed in our Rule 404(b) analysis above, the extraneous offense evidence made Appellant's intent and his knowledge of the cocaine in his pocket more probable. Further, in light of the evidence presented, the trial court could have reasonably found that the State needed the evidence of Appellant's prior conviction to show Appellant knowingly possessed the cocaine. The record

further demonstrates that Appellant's defensive theory opened the door for the evidence, and the evidence did not outweigh, but rebutted, Appellant's defensive theory that he lacked the intent to possess the cocaine and the knowledge of its presence. *See Santellan v. State*, 939 S.W.2d 155, 169 (Tex.Crim.App. 1997).

As to the remaining factors, while the evidence had a slight potential for impressing the jury irrationally, any unfair prejudice is not outweighed by the probative value. The record shows that the amount of time spent developing this evidence was minimal. The stipulation read to the jury was agreed upon by the parties and contained only the necessary to inform the jury that six months before the charged offense Appellant was convicted for possession of cocaine. Neither the stipulation, nor counsel's single question to Appellant (in which he essentially quoted the stipulation), contained unnecessary or prejudicial details of the prior offense. Likewise, while the State briefly referenced the prior conviction during closing argument, the Prosecutor did not place any undue emphasis on the evidence. Finally, as noted above, the potential for the jury to consider the evidence for an improper purpose was minimized by the trial court's immediate limiting instruction to the jury. Based on the above, there is very little possibility of the evidence misleading or confusing the jury.

Giving deference to the trial court's determination of admissibility, we conclude that the trial court's decision to admit the evidence was within the zone of reasonable disagreement. Although the admission of an extraneous offense often has a prejudicial effect, the evidence in this case did not result in any unfair prejudice to Appellant. Therefore, we find that the trial court did not abuse its discretion in allowing the jury to hear evidence of Appellant's prior conviction for possession of cocaine. However, even if we were to find that the trial court

abused its discretion in admitting the evidence, we fail to see how the evidence would undermine the verdict in this case.

## *Harm Analysis*

The erroneous admission of an extraneous offense is non-constitutional error. Therefore, Rule of Appellate Procedure 44.2(b) applies. TEX.R.APP.P. 44.2(b). Under Rule 44.2(b), we disregard the error unless it affected appellant's substantial rights. *Id*. A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). Conversely, an error does not affect a substantial right if we have "fair assurance that the error did not influence the jury, or had but a slight effect." *Solomon v. State*, 49 S.W.3d 356, 365 (Tex.Crim.App. 2001); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998).

In making this determination, we review the record as a whole, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error, and how it might be considered in connection with other evidence in the case. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex.Crim.App. 2002). We may also consider the jury instructions, the State's theory and any defensive theories, whether the State emphasized the error, closing arguments, and even voir dire, if applicable. *Id*. at 355-56.

Here, the State presented sufficient evidence of Appellant's guilt. Officer Looney testified that the cocaine was found in the pants Appellant was wearing, and as set forth in detail above, the complained of evidence was minimal and followed by a limiting instruction. We therefore have a fair assurance that error, if any, in admitting the extraneous offense evidence either did not influence the jury or had but a slight effect. Thus, even if there was error in the

- 14 -

trial court's decision to admit the evidence, such error did not have a substantial or injurious effect on the jury's verdict and did not affect appellant's substantial rights. See *King*, 953 S.W.2d at 271. We overrule Issue Two.

## DIRECTED VERDICT

In Issue Three, Appellant argues that the trial court erred by denying his motion for a directed verdict.

### *Standard of Review*

A challenge to a trial court's denial of a directed verdict is a challenge to the legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex.Crim.App. 1996); *Barron v. State*, 43 S.W.3d 719, 722 (Tex.App.--El Paso 2001, no pet.). We review a challenge to the legal sufficiency of the evidence under the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 318–20, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979). *See Brooks v. State*, 323 S.W.3d 893, 894-913 (Tex.Crim.App. 2010). Accordingly, when reviewing the sufficiency of the evidence to support a conviction, we consider all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 899; *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781. The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex.Crim.App. 2009).

In conducting our review, we must recognize and respect that the jury is the sole judge of the weight and credibility of witness testimony, and it is the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; *Clayton v. State*, 235

S.W.3d 772, 778 (Tex.Crim.App. 2007). On appeal, we presume that the jury resolved any conflicts in the evidence in favor of the verdict and, so long as such resolution is rational, we defer to that resolution. *Brooks*, 323 S.W.3d at 894-95; *Jackson*, 443 U.S. at 326, 99 S.Ct. at 2793.

The standard of review on appeal is the same for both direct and circumstantial evidence cases. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex.Crim.App. 2010). Therefore, in reviewing the record, we treat direct and circumstantial evidence equally. *Clayton*, 235 S.W.3d at 778; *see also Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007)(recognizing that circumstantial evidence is as probative as direct evidence in establishing guilt and may alone be sufficient to establish guilt.). In determining the sufficiency of the evidence, a reviewing court examines "whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Clayton*, 235 S.W.3d at 778, *quoting Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex.Crim.App. 2007). Every fact does not need to point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13; *see Powell v. State*, 194 S.W.3d 503, 507 (Tex.Crim.App. 2006). So long as "the verdict is supported by a reasonable inference, it is within the province of the factfinder to choose which inference is most reasonable." *Laster v. State*, 275 S.W.3d 512, 523 (Tex.Crim.App. 2009). Finally, as with any question of circumstantial evidence and inference, "the jurors are free to use their common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence." *Boston v. State*, 373 S.W.3d 832, 837 (Tex.App.--

Austin 2012, pet. granted), *quoting Obigbo v. State*, 6 S.W.3d 299, 306 (Tex.App.-Dallas 1999, no pet.).

### *Possession of a Controlled Substance*

A person commits an offense if he intentionally or knowingly possesses a controlled substance, cocaine, in an amount greater than one gram and less than four grams, including any adulterants or dilutants. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.115(a)(West 2010). To support a conviction for unlawful possession of a controlled substance, the State must prove: (1) that the defendant exercised care, custody, control, or management over the substance; and (2) that he knew the matter possessed was contraband. *Evans v. State*, 202 S.W.3d 158, 161 (Tex.Crim.App. 2006); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005); *see* TEX.HEALTH & SAFETY CODE ANN. § 481.002(38)(defining "Possession" as "actual care, custody, control, or management"). The evidence need not exclude every reasonable hypothesis other than the defendant's guilt, but it must show facts and circumstances that demonstrate the defendant's knowledge and control of the contraband. *See Brown v. State*, 911 S.W.2d 744, 748 (Tex.Crim.App. 1995).

### *Legal Sufficiency of the Evidence*

On appeal, Appellant does not contest that cocaine and dollars bills folded in a manner consistent with cocaine use were found in a baggie in the pocket his pants. Instead, he argues "the record is devoid of evidence which tends to prove that he was aware of his drug possession upon his regaining consciousness." In other words, Appellant argues the State failed to show he intentionally and knowingly possessed the cocaine. Appellant relies on evidence showing that before the cocaine was discovered, he suffered an assault which left him injured and unconscious. As a result, Appellant maintains that he was not in exclusive possession of his

pockets or pants for a period of time just before the contraband was found.  Appellant's argument focuses mainly on his own testimony that he did not possess the cocaine prior to being knocked unconscious.

Where, as here, the contraband is found in clothing being worn by the accused, a question of fact as to whether the accused knowingly possessed such contraband is presented for jury determination.  *Frazier v. State*, 480 S.W.2d 375, 381 (Tex.Crim.App. 1972).  Here, a rational jury could have found that Appellant knowingly exercised possession of the pants he was wearing.  *See Knox v. State*, 2012 WL 432645, at *3-4 (Tex.App.--Corpus Christi, Feb. 9, 2012, no pet.); *citing Frazier*, 480 S.W.2d at 381  By extension, a rational jury could have reasonably concluded that Appellant had knowledge and control of the items in his pants' pockets, *i.e.* the cocaine.  *See Frazier*, 480 S.W.2d at 381 (noting that appellant exercised possession of the coat when he began to put it on and therefore, being no question that he possessed the coat, the jury was warranted in finding that he had actual care, control, or management of the contraband within the coat.); *Kwant v. State,* 472 S.W.2d 781, 783 (Tex.Crim.App. 1971)(evidence was sufficient to uphold conviction where the contraband was found in paper bag in defendant's hands); *Knox*, 2012 WL 432645, at *3-4 ("There being no question that he possessed his own pants, the jury was warranted in finding that he had actual care, control, or management of the contraband within the pants."); *see also Thomas v. State*, 208 S.W.3d 24, 25-27 (Tex.App.-- Amarillo 2006, no pet.)(holding that evidence that a person had cocaine in his pants pocket sufficient to sustain a conviction for possession of a controlled substance).

Moreover, the jury, as the sole judge of a witness's credibility and the weight of the testimony, was free to believe or disbelieve all or any part of a witness's testimony.  *See Lancon*

*v. State*, 253 S.W.3d 699, 707 (Tex.Crim.App. 2008). Based on the verdict, the jury did not believe Appellant's testimony.

The State's burden is to prove each element beyond a reasonable doubt, not to exclude every conceivable alternative to a defendant's guilt. *See Geesa v. State*, 820 S.W.2d 154, 161 (Tex.Crim.App. 1991), *overruled in part on other grounds*, *Paulson v. State*, 28 S.W.3d 570 (Tex.Crim.App. 2000)(rejecting outstanding reasonable hypothesis of innocence as standard for reviewing sufficiency of circumstantial evidence). Therefore, the State was not required to disprove the possibility that Appellant was knocked unconscious, and that while he was unconscious someone placed the contraband in his pocket without his knowledge.

We conclude that a rational jury could have found the elements of the offense beyond a reasonable doubt. Accordingly, the evidence is legally sufficient to support the jury's verdict. We overrule Issue Three and affirm the trial court's judgment.

May 30, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)