**Opinion filed August 8, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00281-CR

_____

## HOLSTON BANKS, III, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 118th District Court**
**Howard County, Texas**
**Trial Court Cause No. 15001**

### M E M O R A N D U M   O P I N I O N

The jury convicted Holston Banks, III of possession of a controlled substance and assessed his punishment at confinement for five years. In a single issue on appeal, Appellant argues that the evidence was insufficient to show that he intentionally or knowingly possessed a controlled substance. Specifically, Appellant contends that the evidence is insufficient to affirmatively link him to the cocaine found in his pocket. We affirm.

Pursuant to an arrest warrant in an unrelated case, Big Spring police detectives arrested Appellant. Detectives Amie Taft, Mike Campos, and Thad Thomas placed Appellant in handcuffs. When they searched Appellant, Detectives Taft and Campos removed Appellant's belongings from his pockets. The detectives placed Appellant's belongings on the roof of Detective Thomas's car. Detective Taft testified that she found a clear plastic container with a green lid in the left front pocket of Appellant's pants. Detective Campos confirmed that Detective Taft removed the container from that pocket. Detective Thomas testified that he saw a clear vial with a green lid on the roof of his car and that it was a common practice for people to carry narcotics in similar vials. Mallory Jenkins, an analyst with the Texas Department of Public Safety Crime Laboratory, testified that the substance inside the vial tested positive for cocaine and weighed 2.08 grams.

Appellant called La-Toya Banks and Linda Banks as witnesses during the guilt/innocence phase of trial. La-Toya is Appellant's sister; Linda is Appellant's mother. La-Toya testified that she believed that the detectives planted the cocaine on Appellant because the Banks family had had "civil issues" with the City of Big Spring. Linda testified that she believed that Appellant was "set up" because the Big Spring Police Department had a vendetta against Appellant and "the whole Banks family."

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When we conduct a sufficiency review, we consider all the

evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. "Intent may also be inferred from circumstantial evidence such as acts, words, and the conduct of a defendant." *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004).

A person commits the offense of possession of a controlled substance if he knowingly or intentionally possesses a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West 2017). Possession is defined as "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2018). To prove unlawful possession of a controlled substance, the State must show (1) that the accused exercised control, management, or care over the substance and (2) that the accused knew the matter possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005), *overruled in part on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 & n.32 (Tex. Crim. App. 2015).

Appellant contends that the State did not establish that he intentionally or knowingly possessed the cocaine because the State did not affirmatively link Appellant to the cocaine found in the pocket of his pants. Thus, Appellant relies upon the "affirmative links rule" in his challenge to the sufficiency of the evidence. *See Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006) (listing

3

affirmative links recognized by courts). "The 'affirmative links' rule is designed to protect the innocent bystander from conviction based solely upon his fortuitous proximity to someone else's drugs." *Poindexter*, 153 S.W.3d at 406. Appellant's reliance on the affirmative links rule is misplaced, however, because it applies to instances when the accused does not have exclusive possession of the location where the contraband is discovered. *See id.* Here, the State was not required to present evidence affirmatively linking Appellant to the cocaine because it was found on his person—a place that he exclusively controlled. *See Toumey v. State*, No. 01-16-00144-CR, 2017 WL 631841, at *4 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, pet. ref'd) (mem. op., not designated for publication) (citing *Utomi v. State*, 243 S.W.3d 75, 79 (Tex. App. Houston [1st Dist.] 2007, pet. ref'd)).

In this case, an officer found the cocaine in Appellant's pocket. Testimony at trial established that the cocaine was readily visible to the officer conducting the search. The fact that detectives found the cocaine on Appellant's person supports the inference that he knowingly possessed it. *See Thomas v. State*, 208 S.W.3d 24, 25–27 (Tex. App.—Amarillo 2006, no pet.) (holding that evidence that a person had cocaine in his pants pocket was sufficient to sustain a conviction for possession of a controlled substance); *see also Toumey*, 2017 WL 631841, at *3–4.

Furthermore, the jury could have rationally inferred that Appellant knew the substance found in his pocket was cocaine. *See McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985) (knowledge, being subjective, must always be inferred to some extent in the absence of an accused's admission). Testimony established that the cocaine was visible to the naked eye and weighed 2.08 grams. Detective Taft also testified that, when she removed the container from Appellant's pocket, Appellant made eye contact with her.

Appellant asserts that La-Toya's and Linda's testimony put the issue of bias and planting of evidence before the jury to the point that we should apply the

affirmative links rule in this case just as the First Court of Appeals did in *Cooper v. State*, 788 S.W.2d 612, 614 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd), where the defendant's theory was that "the officers planted the cocaine in the car." However, in *Cooper*, the officers "observed the bag of cocaine lying in the car seat as the [defendant] stepped out of the car." 788 S.W.2d at 614. In the case at bar, the detectives found the cocaine on Appellant's person in Appellant's pants pocket. *See Toumey*, 2017 WL 631841, at *3 (noting that methamphetamine found in a "pocket of [defendant's] pants while he was wearing them . . . was located in a place over which [defendant] had exclusive control"). Notwithstanding La-Toya's and Linda's testimony, the jury returned a guilty verdict, thereby indicating that the jury did not believe their testimony. *See Evans*, 202 S.W.3d at 165 ("The jury was entitled to believe this evidence, but it was not required to do so."). Viewing all the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found that Appellant knowingly or intentionally possessed the cocaine found in his pocket. We overrule Appellant's sole issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT
SENIOR CHIEF JUSTICE

August 8, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.